T.C. Summary Opinion 2009-132


UNITED STATES TAX COURT



DEBORAH A. HARDAWAY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14634-07S.                    Filed August 31, 2009


Deborah A. Hardaway, pro se.

Terra-Lynn Zentara, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard

pursuant to the provisions of section 7463.[1]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986 (Code), as amended, in effect for
the relevant period.  Rule references are to the Tax Court Rules
of Practice and Procedure.

- 2 -

other court, and this opinion shall not be cited as precedent for any other case.

Respondent determined deficiencies of $2,713 and $3,834, respectively, in petitioner's 2004 and 2005 Federal income taxes. The issues for decision for each year are: (1) Whether petitioner qualifies as a head of household; (2) whether petitioner is entitled to a dependency exemption deduction; and (3) whether petitioner is entitled to an earned income credit, and, if so, in what amount. For 2005 the parties also dispute whether petitioner is entitled to an additional child tax credit.

Background

Some of the facts have been stipulated and are so found. Petitioner was not married during or as of the close of either year in issue. At the time the petition was filed, she resided in Florida.

Petitioner and Daryl Smith (Mr. Smith) are the parents of a daughter, born in 1992 (petitioner's daughter). Petitioner and Mr. Smith have never been married to each other; they lived apart at all times relevant. Mr. Smith had legal custody of petitioner's daughter during each year in issue. Petitioner enjoyed and exercised visitation rights with her daughter during weekends and summer school recesses, but her daughter lived with Mr. Smith for the greater portion of each year in issue.

Petitioner was employed as a substitute teacher during the years in issue, and her wages from that employment ($9,031 for 2004 and $14,894 for 2005) are reported on her timely filed Federal income tax return for each of those years. No other income or source of income is shown on either return. For each year she filed as a head of household, claimed a dependency exemption deduction for her daughter, and claimed an earned income credit computed as though her daughter was a qualifying child for purposes of that credit. For 2005 she treated her daughter as a qualifying child for purposes of the additional child tax credit claimed for that year.

Mr. Smith also claimed a dependency exemption deduction for petitioner's daughter on his 2004 and 2005 Federal income tax returns. He did not provide petitioner with a written declaration indicating that he would not claim petitioner's daughter as a dependent for either of those years.[2] Consequently, no such declaration is attached to petitioner's return for either year in issue.

For each year respondent changed petitioner's filing status from head of household to single and made the appropriate

---

[2]Such declarations can be made on a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent. See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

adjustment to the standard deduction claimed on each return. For each year respondent also disallowed: (1) The dependency exemption deduction claimed for petitioner's daughter; and (2) the earned income credit claimed on petitioner's return. In addition, for 2005 respondent disallowed the additional child tax credit petitioner claimed on her return for that year.

## Discussion

Respondent's determinations, having been made in a notice of deficiency, are presumed correct, and petitioner bears the burden of proving such determinations to be erroneous.[3] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The issues in this case are resolved by the application of various Code sections that changed between 2004 and 2005. See the Working Families Tax Relief Act of 2004, Pub. L. 108-311, 118 Stat. 1166. The changes invite a year-by-year analysis, but the underlying facts for each year relax any such requirement. Instead, we summarily identify the changes from year to year and dispense with a detailed discussion of those changes that would have no consequence to the outcome of any issue here under consideration.

---

[3]Nothing in the record suggests that sec. 7491(a) is applicable to shift the burden of proof on any issue to respondent.

A. Head-of-Household Filing Status

Among other tax advantages and as relevant here, a taxpayer who qualifies as a head of household is entitled to a greater standard deduction than a taxpayer whose filing status is single. See sec. 63(c). For each year respondent changed petitioner's filing status from head of household to single and reduced the standard deduction accordingly.

The definition of a head of household is contained in section 2(b). As indicated, that definition changed between 2004 and 2005, but it remains that to qualify as a head of household the taxpayer must maintain, as his or her "home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of": (1) For tax years ending before January 1, 2005, a daughter (among other individuals); or (2) for tax years beginning after December 31, 2004, a qualifying child (as defined in section 152(c)) or any other person for whom the taxpayer is entitled to a dependency exemption deduction. Because petitioner's home was not her daughter's principal place of abode for more than one-half of either year in issue, petitioner does not qualify as a head of household for either of those years. Respondent's adjustments resulting from the change of petitioner's filing status from head of household to single are sustained.

B. Dependency Exemption Deductions

In general, a taxpayer is entitled to a dependency exemption deduction for each of the taxpayer's dependents. See secs. 151 and 152. While the provisions of each of those sections differ significantly from the version in effect for 2004 to the version in effect for 2005, under the circumstances of this case the applicable provisions operate in the same manner from one year to the next. Because petitioner and Mr. Smith did not live together for any period during the last 6 months of either year in issue, section 152(e), as in effect for each year, applies. Although section 152(e) itself differs from one year to the next, the differences are not meaningful here. Suffice it to note that, with respect to a child's parents who did not live together during the last 6 months of either 2004 or 2005, and subject to certain conditions and exceptions, in general section 152(e) operates to allow the otherwise allowable dependency exemption deduction for the child for those years to be claimed by the child's custodial parent.

For each year Mr. Smith, rather than petitioner, was the custodial parent of petitioner's daughter. Furthermore, he did not provide petitioner with a Form 8332 for either of those years. Consequently, no such form, or its equivalent, is attached to petitioner's Federal income tax return for either of those years. That being so, petitioner's daughter: (1) Is

treated as having received more than one-half of her support from Mr. Smith rather than petitioner during 2004 and therefore does not qualify as petitioner's dependent for that year, see sec. 152(e)(1) as in effect for tax years beginning before January 1, 2005; and (2) is not treated as petitioner's qualifying child or qualifying relative for 2005, see sec. 152(e)(1) as in effect for tax years beginning after December 31, 2004.

It follows that petitioner is not entitled to a dependency exemption deduction for her daughter for either year in issue, and respondent's disallowances of those deductions are sustained.

C. Earned Income Credit

Subject to various conditions and limitations, section 32(a) provides that an eligible individual is entitled to an earned income credit. An individual is an "eligible individual" within the meaning of section 32(a) if the individual: (1) Has a qualifying child, see sec. 32(c)(1)(A)(i); or (2) does not have a qualifying child, does not qualify as the dependent of another taxpayer, and meets certain residency and age requirements, see sec. 32(c)(1)(A)(ii). This is true for both years in issue. For each of those years petitioner claimed an earned income credit computed by treating her daughter as a qualifying child for purposes of that credit, and for each year respondent disallowed the credit.

Respondent agrees that for both years in issue petitioner is an eligible individual who does not have a qualifying child within the meaning of section 32(c)(1)(A)(ii). Respondent now concedes that petitioner is entitled to a $189 earned income credit for 2004. Respondent correctly points out, however, that although petitioner is otherwise an eligible individual without a qualifying child, her income for 2005, in effect, precludes the allowance of any earned income credit to her for that year. See sec. 32(b), (f).

According to respondent, the earned income credit claimed on petitioner's return for each year in issue is improperly computed because petitioner's daughter is not petitioner's qualifying child for either of those years. We agree. Among other requirements, to be treated as a taxpayer's qualifying child for purposes of the earned income credit, the child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. See sec. 32(c)(3)(A)(ii) (as in effect for tax years ending before January 1, 2005); secs. 32(c)(3)(A), 152(c) (as in effect for tax years beginning after December 31, 2004). Because petitioner and her daughter did not share the same principal place of abode for more than one-half of either year in issue, petitioner's daughter may not be treated as her qualifying child for purposes of that credit for either year.

Respondent's disallowances of the earned income credits here in dispute are sustained.

D. <u>Additional Child Tax Credit</u>

Petitioner claimed an additional child tax credit on her 2005 return. According to petitioner, her daughter fits within the definition of her qualifying child for purposes of that credit. Respondent has determined otherwise, and we agree with respondent.

In general, and subject to various conditions and limitations, a taxpayer is allowed an additional child tax credit with regard to each qualifying child of the taxpayer for whom the taxpayer is entitled to a dependency exemption deduction. Sec. 24(a), (d).

For reasons discussed above, we have found that petitioner is not entitled to a dependency exemption deduction for her daughter for 2005. It follows that petitioner is not entitled to treat her daughter as a qualifying child for purposes of the additional child tax credit for that year. Respondent's disallowance of that credit for 2005 is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.